**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**James B. GRAY, Respondent.**

**No. 2010–SC–000381–KB.**

Supreme Court of Kentucky.

Oct. 27, 2011.

### *OPINION AND ORDER*

On August 25, 2011, a Show Cause Order was entered upon Respondent, James

B. Gray, KBA No. 88427, for violation of the conditions imposed by this Court on August 26, 2010. Due to his failure to show cause, we revoke Gray's probation and impose the remainder of the five year suspension.

## I. BACKGROUND

In *Kentucky Bar Ass'n v. Gray*, 318 S.W.3d 94, 95 (Ky.2010), Gray admitted violating SCR 3.130–8.4(b) and SCR 3.130–8.4(c).[1] Accordingly, we suspended him from the practice of law for five years, with two years to serve followed by probation for the three remaining years, "conditioned upon participation in the KYLAP program, with entry into a five year KYLAP monitoring agreement that requires testing and monitoring[.]" *Id.* at 96. Our Opinion and Order further provided that, "[i]f Gray fails to comply with any of the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may impose further discipline in this matter." *Id.*

On June 22, 2011, the KBA moved this Court to issue an order for Gray to show cause why we should not revoke his probation and impose the remainder of the five year suspension. According to the KBA, although Gray did not enter into a new five year agreement on or after our Opinion and Order,[2] quarterly monitoring reports were filed pursuant to SCR 3.980(3)(b) and (c). However, reports covering the third and fourth calendar year of 2010 and the first quarter of 2011 demonstrated that Gray was not in compliance with the terms of the Supervision Agreement and thus abandoned his participation in the program.[3]

In response to our Show Cause Order, Gray agreed with the KBA's motion.[4] As such, he admitted that he has not complied with the conditions imposed by our August 26, 2010 Opinion and Order. He further noted that he "continues to recognize and fight his alcoholism" and stated that he is "presently enrolled in a Veterinary Technician program at Brown Mackie and is scheduled to graduate in one year."

## II. CONCLUSION

Based upon the KBA's motion and his response, we find that Gray failed to show cause why we should not revoke his probation and impose the remainder of the five year suspension from the practice of law for violation of the conditions we earlier imposed. Accordingly, it is ORDERED that Gray is suspended from the practice of law in Kentucky for five years from the date of our prior Opinion and Order—August 26, 2010.

All sitting. All concur.

1. Specifically, Gray admitted violating SCR 3.130–8.4(b) by committing a Class D felony (theft of a controlled substance) and a Class A misdemeanor (resisting arrest). *Gray*, 318 S.W.3d at 95; *see also* SCR 3.130–8.4(b) (stating that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."). Gray admitted violating SCR 3.130–8.4(c) by stealing medications from his client, representing the Class D felony conviction. *Gray*, 318 S.W.3d at 95; *see also* SCR 3.130–8.4(c) (stating that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation.").

2. Gray had previously entered into a four year KYLAP Supervision Agreement that required monitoring and testing, which was in effect on August 26, 2010. The KBA attached a copy of this agreement.

3. Along with the supervision agreement, the KBA attached copies of the quarterly monitoring reports.

4. Gray also agreed with the attached agreement and reports.